UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO ISRAEL ORTEGA CHAVEZ,<br><br>                                        Plaintiff,<br><br>                    v.<br><br>UNITED STATES OF AMERICA,<br><br>                                        Defendant. | Civil No.    11-cv-1507-BEN (POR)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

**PLEASE NOTE THAT SOME DATES HAVE CHANGED SINCE THE CASE MANAGEMENT CONFERENCE**

On March 21, 2012, the Court held a Case Management Conference.  Appearing before the Court were: Eric Welch, Esq., and Gilberto Murguia, Esq., counsel for Plaintiff; and Christopher Latham, Esq., counsel for Defendant.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1.       Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **May 7, 2012**.

2.       A <u>full-day</u> Mandatory Settlement Conference shall be conducted on **July 27, 2012**, at **10:00 a.m.**, in the chambers of the Honorable David Bartick.  The parties shall plan accordingly. Counsel shall exchange and lodge settlement statements <u>directly</u> with the chambers of Judge Bartick on or before **July 13, 2012**.  The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages

where applicable.  The settlement statements **shall not** be filed with the Clerk of the Court.  If the parties wish to lodge confidential information, they shall file a supplemental brief entitled, "For the Court's Eyes Only."

All parties and claims adjusters for insured defendants and representatives <u>with complete authority</u>[1] to enter into a binding settlement, as well as the principal attorney responsible for the litigation, shall be present and legally and factually prepared to discuss and resolve the case at the settlement conference. Corporate counsel and/or retained outside corporate counsel **<u>shall not</u>** appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. The parties must be legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  All conference discussions will be informal, off the record, privileged and confidential.

Mandatory settlement conferences shall not be rescheduled without a showing of good cause and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact the Court at least 10 days prior to the conference.  Absent exceptional circumstances, the Court will not reschedule this conference with less than 10 days notice.  <u>Only in extreme circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours notice.</u>

3.    On or before **August 31, 2012**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **September 14, 2012**, any party may supplement its expert designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.

---

[1]

 "Complete authority" to settle means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

4.      Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than **October 5, 2012**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

5.      Any party, through any expert designated, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **October 26, 2012**.

6.      All discovery, including expert discovery, shall be completed on or before **December 14, 2012**.  *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

7.      All motions, other than motions to amend or join parties, or motions in limine, shall be **<u>FILED</u>** on or before **January 18, 2013**.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  <u>Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be **up to two months**</u>.  <u>Please plan accordingly.</u>

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who will hear the motion.

Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

Pursuant to <u>Local Rule</u> 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants **<u>shall</u>** file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed.  Each of the material facts stated shall be followed by a reference to the supporting evidence.  Further, Plaintiff **<u>shall</u>** file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed.  The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed.  Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

8.    On or before **April 22, 2013**, counsel shall lodge directly with the Chambers of the Honorable Roger T. Benitez their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2), (3) and (4).

9.    All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **April 22, 2013**.  *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

10.   Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **April 29, 2013**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11.     The proposed final pretrial conference order, including objections any party has to any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **May 6, 2013**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a copy of the pretrial order to the pretrial conference for the Court.

12.     The final pretrial conference shall be held before the **Honorable Roger T. Benitez**, United States District Court Judge, on **May 13, 2013**, at **10:30 a.m**.

13.     The trial date will be scheduled by the Court at the pretrial conference.

14.     The dates and times set forth herein will not be further modified except for good cause shown.

15.     Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED:  March 23, 2012

LOUISA S PORTER
United States Magistrate Judge

cc:        The Honorable Roger T. Benitez
           All parties