UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO ISRAEL ORTEGA CHAVEZ,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Defendant. | Civil No.   11-cv-1507-BEN (DHB)<br><br>**ORDER CONTINUING MANDATORY SETTLEMENT CONFERENCE** |

　　　In light of Defendant's pending motion for summary judgment (ECF No. 15), which was taken under submission by District Judge Roger T. Benitez on July 17, 2012 (ECF No. 19), the Court finds good cause for continuing the Mandatory Settlement Conference currently scheduled for July 27, 2012. Accordingly, IT IS HEREBY ORDERED:

　　　The Mandatory Settlement Conference shall be continued to **September 19, 2012** at **10:00 a.m.** in the chambers of the Honorable David H. Bartick.  The parties shall plan accordingly.  Counsel shall submit settlement statements **directly** to Magistrate Judge Bartick's chambers no later than **September 12, 2012**.[1]  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate

---

[1] Statements under 20 pages in length, including attachments and exhibits, may be delivered directly to chambers, e-mailed to efile_Bartick@casd.uscourts.gov, or faxed to (619) 702-9925. Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

statement of the offer or demand the party is prepared to make at the Mandatory Settlement Conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference. The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: (1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party *(G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), (2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and (3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only. As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

Mandatory settlement conferences shall not be rescheduled without a showing of good cause and adequate notice to the Court. If counsel wish to reschedule this conference, they shall contact the Court at least 10 days prior to the conference. Absent exceptional circumstances, the Court will not reschedule this conference with less than 10 days notice. <u>Only in extreme circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours notice.</u>

**IT IS SO ORDERED.**

DATED: July 25, 2012

DAVID H. BARTICK
United States Magistrate Judge