FILED
2012 NOV 29 AM 9:41
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO ISRAEL ORTEGA-CHAVEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 11-CV-1507 BEN (DHB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND**<br><br>[ECF Nos. 15, 28] |

United States border patrol agents allegedly shot a man who was on Mexican soil, less than a football field from the United States border. The man filed suit against the United States under the Federal Tort Claims Act ("FTCA"). The United States asserts that it is immune from liability under an exception to the FTCA's waiver of sovereign immunity for claims "arising in a foreign country." This Court agrees and **GRANTS** summary judgment for the government. The Court also **DENIES** Plaintiff's belated request for leave to amend.

## BACKGROUND

Plaintiff Edgardo Israel Ortega-Chavez seeks damages from the United States for injuries allegedly sustained in a shooting at the U.S.-Mexico border in August 2008. Plaintiff alleges that Border Patrol agents shot him while dispersing a crowd on the Mexican side of the border. Plaintiff testified at a deposition, that he was on Mexican soil when the incident occurred. Mot. for Summ. J., Ex. 1. Plaintiff also appears to have testified that the agents crossed into Mexico before firing. *Id.*

      Plaintiff filed suit in July 2011. The complaint asserts a single cause of action against the United States under the FTCA, 28 U.S.C. § 1346(b). ECF No. 1. In a case management order, Magistrate Judge Louisa Porter set May 7, 2012 as the deadline for amendment of the pleadings. ECF No. 13. The deadline passed without Plaintiff filing a motion to amend, and the government apparently notified Plaintiff of its intent to file for summary judgment. Plaintiff's counsel responded by letter dated June 5, declaring that he would "immediately seek court permission to allow us to amend the *Ortega* complaint and to pursue claims under the ATS [Alien Tort Statute]." Opp'n to Def.'s Mot. for Summ. J., Ex. B. On June 20, the government moved for summary judgment. ECF. No. 15. Not only did it address the FTCA claim in its brief, it addressed a *potential* ATS claim, presumably as a safeguard against Plaintiff's possible amendment. In his opposition, Plaintiff argues his case under both the FTCA and ATS.

      On November 20, with the government's motion still pending, Plaintiff finally sought leave to amend. ECF No. 28. The Court addresses both parties' motions in this Order.

## LEGAL STANDARD

### A.   SUMMARY JUDGMENT

      Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." *Bank of N.Y. v. Fremont Gen. Corp.*, 523 F.3d 902, 909 (9th Cir. 2008).

### B.   LEAVE TO AMEND

      Once a court sets a deadline for the amendment of pleadings in a case management order, that schedule "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

//
//
//

# DISCUSSION

A.     MOTION FOR SUMMARY JUDGMENT. ECF No 15.

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). Important for present purposes, this abrogation of immunity does not extend to "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k).

Whether the "foreign country exception" bars Plaintiff's claim as a matter of law is the focus of the government's motion. The United States contends the exception applies because Plaintiff's injury occurred in Mexico, not the United States. Plaintiff contends it does not apply because training for the border patrol officers, which occurred in the United States and encouraged their alleged reckless behavior, was the "exclusive proximate cause" of his injuries.

The Court agrees with the United States. In *Sosa v. Alvarez-Machain*, 542 U.S. 692, 704 (2004), the Supreme Court held that domestic proximate causation does not eliminate application of the foreign country exception. In *Sosa*, a Mexican national sought damages against the United States under the FTCA, alleging false arrest. *Id.* at 698. The plaintiff claimed that the Drug Enforcement Agency had authorized a plan to hire Mexican nationals to seize him and bring him to the United States for trial. *Id.* The Court held that even though planning arguably occurred domestically, the man could not bring suit under the FTCA because his arrest took place in Mexico. *Id.* at 703, 712. Integral to the Court's analysis was the observation that so-called "headquarters claims," which typically involved "allegations of negligent guidance in an office within the United States of employees who cause damage while in a foreign country" threatened to "swallow the foreign country exception whole." *Id.* at 701-03. The Court looked to history and found reason to conclude that "Congress understood a claim 'arising in a foreign country' to be a claim for injury or harm occurring in a foreign country." *Id.* at 704. Accordingly, the Court held that the exception "bars *all* claims based on any injury suffered in a foreign country, regardless of where the tortuous act or omission occurred." *Id.* at 712 (emphasis added).

*Sosa* controls here. Plaintiff concedes he was in Mexico when the shooting occurred; in a

deposition, he testified he was "35 to 40 meters" inside Mexico. Mot. for Summ. J., Ex. 1. The harm, therefore, occurred on foreign soil. *See Hernandez v. United States*, 802 F. Supp. 2d 834, 844 (W.D. Tex. 2011) (holding that the foreign country exception barred claims based on the fatal shooting of a boy in Mexico by a Border Patrol agent on the other side of the border). Plaintiff's effort to distinguish this case from *Sosa* by asserting that the border patrol's domestic training regimen was the "exclusive" proximate cause of his injury ignores the Court's unambiguous interpretation of the statutory text. The United States' motion for summary judgment is **GRANTED**.

### B. MOTION FOR LEAVE TO AMEND. ECF No. 28.

Before closing the case, the Court must decide whether Plaintiff should be allowed to amend his complaint. Plaintiff seeks to add a claim under the Alien Tort Statute.[1] His request for leave comes more than six months after the amendment cut-off date.

Typically, motions for leave to amend are governed by Federal Rule of Civil Procedure 15(a)(2), which provides that a court "should freely give leave when justice so requires." Once a scheduling order has issued, however, an untimely motion must satisfy the more stringent requirements of Rule 16. *Johnson.*, 975 F.2d at 607-08. The purpose of a scheduling order is to assure that, at some point, pleadings become fixed. FED. R. CIV. P. 16(b) advisory committee's note. It "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (citation and quotation marks omitted). Rule 16(b) requires "good cause" to modify a scheduling order. The "good cause" standard "primarily considers the diligence of the party seeking the amendment. . . . If that party was not diligent, the inquiry should end." *Id.* at 609.

Judge Porter's scheduling order stated that motions to amend "shall be filed on or before May 7, 2012." Scheduling Order 1. Plaintiff failed to meet that deadline and fails now to demonstrate good cause to modify the order. That Plaintiff discussed his ATS theory in response to the government's motion for summary judgment does not change the Court's conclusion. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.").

---

[1] The Alien Tort Statute provides: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350.

       The Court also suspects amendment would be futile. In actions against the United States, "[t]he waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011). "Where a suit has not been consented to by the United States, dismissal of the action is required . . . . [because] the existence of such consent is a prerequisite for jurisdiction." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (quotation marks and citation omitted). The ATS is a jurisdiction statute only. *Tobar*, 639 F.3d at 1196. It does not waive sovereign immunity. *Id.* As a result, "any party asserting jurisdiction under the Alien Tort Statute must establish, independent of that statute, that the United States has consented to suit." *Id.* Plaintiff fails to cite specific language that explicitly authorizes a lawsuit against the United States.

       For the reasons stated above, the Court **DENIES** Plaintiff leave to amend.

## CONCLUSION

       The United States' Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion for Leave to Amend is **DENIED**. The hearing on Plaintiff's motion, scheduled for December 17, is **VACATED**.

**IT IS SO ORDERED.**
DATED: November 28, 2012

HON. ROGER T. BENITEZ
United States District Court Judge